**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LUIS ALBERTO RÍOS-RODRÍGUEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>DEPARTMENT OF JUSTICE OF THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>**Defendants.** | **CIVIL NO.** 21-1291 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Plaintiff Luis Alberto Ríos-Rodríguez ("Plaintiff") filed a *pro se Complaint* on June 17, 2021. (Docket No. 1). Plaintiff claims that a group of Puerto Rico Commonwealth Court Judges imposed improper fines on him while he was representing himself in forma pauperis in a "a plot to cut [his] head [sic] to reject, to dismiss [his] constitutional right of self-defense in a traditional puertorrican [sic] way." Id. at 2. He requests compensation for his emotional, physical, and mental damages and anguish ascending to $350,000.00.

Throughout these proceedings, the Court has appointed Plaintiff with 3 different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 6, 13, and 22).

Civil No. 21-1291                                                    Page 2

On August 24, 2022, the Court issued the following order: "By September 30, 2022, Plaintiff shall show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted." (Docket No. 24). Plaintiff filed a motion in response (Docket No. 25). Therein, he cites to motions in various other cases; names and accuses a judge and legislator of wrongdoing; and attached multiple unidentified, and seemingly unrelated, pages of deposition transcripts. Id. The Court noted the motion. (Docket No. 26).

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss under this rule, courts must determine whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011).

Additionally, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual

allegations." Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Complaint* for being frivolous and failing to state a claim upon which relief may be granted. The *Complaint* references a jumble of lawsuits and motions. The facts alleged are largely incomprehensible and fail to articulate grounds for a cognizable legal claim. Thus, Plaintiff's *Complaint* at Docket No.1 is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of November 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge